IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN LEE RICHES                                              PLAINTIFF

      v.                     Civil No. 07- 2103

JOHN MARK KARR, a/k/a
"The Father;" ANDREA YATES,
a/k/a "The Mother;" DYLAN KLEBOLD,
a/k/a "The Son;" SEUNG-HUI CHO,
a/k/a "Foreign Exchange Student;"
COUSIN IT, a/k/a "The Cousin;" and
CUJO, a/k/a "Family Pet"                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jonathan Lee Riches, an inmate at the Federal Correctional Institute in Salters, South Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He proceeds *pro se* and *in forma pauperis.* The case is before the undersigned for a determination of whether service of process should issue.

### Background

Riches alleges the defendants have violated his civil rights, infringed copyrights, and committed crimes against him including child abuse, assault and battery, identity theft, kidnaping, and torture. Riches alleges, among other things, that he was kidnaped in December of 1997 and sent to a "Lord of the Flies torture camp deep in the Ozarks."

---

[1] In August and September of 2007, Riches filed thirty-three cases in various courts throughout the United States.

-1-

In 1998, Riches maintains he was home schooled by defendants in a dungeon, forced to learn Korean, construct missiles, and play with My Little Pony dolls. Riches indicates he was baby sat by Andrea Yates, taught identity theft by Cousin Itt, and read George Orwell literature.

In 1999, Riches alleges Klebold made him sew and stitch his trench coat. Riches indicates he was fed after midnight with Gremlins and did not get to go to Woodstock.

In 2007, Riches alleges he was forced to marry a male inmate. He alleges he was forced to watch *Addams Family* reruns and a fluorescent bulb was placed on him to attract mosquitos. He also alleges that the doctors at the prison did angel of death experiments on him.

As relief, Riches seeks $50 million dollars, the return of all copy righted material related to him, and a temporary restraining order forbidding the defendants from having any contact with him.

## Discussion

This case is subject to dismissal. First, we note it appears Riches has pulled the names of the defendants from a variety of sources including the news, television, and literature. Defendants appear to have no actual connection with Riches or with Arkansas. Two of the defendants are fictional characters. Two other defendants are deceased.

John Mark Karr, made a confession, which the prosecutors did not believe, in connection with the unsolved murder of JonBenet Ramsey in Boulder, Colorado. http://en.wikipedia.org/wiki/John_Mark_Karr (accessed September 25, 2007). Andrea Yates was found not guilty by reason of insanity in the June 20, 2001, killing of her five young children in Texas. http://en.wikipedia.org/wiki/Andrea_Yates (accessed September 25, 2007). Dylan Klebold was one of two gunmen involved in the Columbine High School massacre on April 20, 1999, in Columbine, Colorado, and committed suicide after the killings.

http://en.wikipedia.org/wiki/Eric_Harris_and_Dylan_Klebold (accessed September 25, 2007). Seung-Hui Cho was a student at Virginia Tech who committed the mass murder on April 16, 2007, in Blacksburg, Virginia, and committed suicide after the killings. http://en.wikipedia.org/wiki/Seung-Hui_Cho (accessed September 25, 2007). Cousin Itt was a member of a fictional family in a television series the *Addams Family*. http://en.wikipedia.org/wiki/Cousin_Itt (accessed September 25, 2007). *Cujo* is the title of a horror novel written by Stephen King. In the novel Cujo is a rabid St. Bernard. http://en.wikipedia.org/wiki/Cujo (accessed September 25, 2007).

Second, the factual allegations of the complaint are irrational, incomprehensible, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

Third, any claims stemming from events occurring prior to September of 2004 are barred by the statute of limitations. *See e.g.,* 17 U.S.C. 507(b)(three year statute of limitation applicable to civil actions to infringement actions under the Copyright Act); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(in Arkansas three year statute of limitations applicable to § 1983 cases).

Fourth, to the extent Riches complains "the defendants" have engaged in criminal conduct by torturing him, kidnaping him, conducting experiments on him, or engaging in various other actions, we note that private citizens have no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

**Conclusion**

I therefore recommend that this case be dismissed on the grounds the claims asserted are frivolous, are barred by the statute of limitations, and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). I also recommend that this case be deemed a strike for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g).

**Riches has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Riches is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)